# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DON AMECHE WRIGHT, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-1106-E-BK |
| | § | |
| HENRY L. CAMPBELL, III, ET AL., | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 2. Now before the Court is *Defendants' Motion to Dismiss under Rule 12(b)(6)*. Doc. 6. For the reasons that follow, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff filed this *pro se* action against Judge Henry L. Campbell, III ("Judge Campbell") and Municipal Court Clerk Robin Davis (the "Clerk") in small claims court alleging violations of (1) 18 U.S.C. §§ 241-42[1]; and (2) Fifth and Fourteenth Amendments protections under 42 U.S.C. § 1983. Doc. 1-1 at 3; Doc. 6 at 2. Defendants removed the case to this Court based on federal question jurisdiction, Doc. 1 at 2, and now move to dismiss Plaintiff's claims under Rule

---

[1] Because sections 241 and 242 are "criminal statutes that 'do not provide for a private right of action,'" they clearly provide no basis for the Court's exercise of jurisdiction. *Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (quoting *Alive v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993)).

12(b)(6) of the Federal Rules of Civil Procedure, Doc. 6.  Plaintiff did not respond to the motion, and mail recently sent to him by the Court was returned as undeliverable.  Doc. 10.

## II. APPLICABLE LAW

As a threshold matter, the instant motion was erroneous filed after Defendants had already filed their answer in state court.  Doc. 1 at 1; Doc. 1-1 at 10.  "A motion asserting [failure to state a claim on which relief can be granted] must be made before pleading if a responsive pleading is allowed."  FED. R. CIV. P. 12(b).  Nevertheless, when a defendant, as here, mistakenly files a Rule 12(b)(6) motion, the court may treat it as one filed under Federal Rule of Civil Procedure 12(c).  *See Allen v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *2 (N.D. Tex. Aug. 9, 2017) (Fitzwater, J.) (collecting cases).  The standard for deciding a motion under Rule 12(c) is the same as that for a motion filed under Rule 12(b)(6).  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

Under Rule 12(b)(6), a plaintiff fails to state a claim for relief when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).  However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation and quotation omitted).  To survive a motion to dismiss, a party's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.  Additionally, the Court analyzes

a motion to dismiss based on immunity under Rule 12(b)(6), as "arguments for immunity are attacks on the existence of a federal cause of action."  *See Daniel v. Ferguson*, 839 F.2d 1124, 1127 (5th Cir. 1988) ("when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.") (citation omitted).

### III. ANALYSIS

#### A.  *Judge Campbell is Entitled to Absolute Judicial Immunity.*

Judges enjoy absolute immunity for actions (1) "judicial in nature" (2) performed within their jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (finding that judges are immune from suit for actions that are judicial in nature over which the judge had jurisdiction).  To determine whether a judge's act is judicial in nature, the court considers:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).  "These factors are broadly construed in favor of immunity."  *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 223 (5th Cir. 2009) (citation omitted).

Judge Campbell moves to dismiss Plaintiff's claims against him, arguing, *inter alia*, that he has absolute judicial immunity from suit.  Doc. 6 at 6.  While Plaintiff's complaint is short on facts, his claims apparently concern actions Judge Campbell took in his capacity as a City of Lancaster municipal judge overseeing Plaintiff's traffic citations.  Doc. 6 at 3; *see* Doc. 1-1 at 3 (Plaintiff seeking "dismissal of all Bills of Attainder and *ex post facto* orders").  Thus, Judge

Campbell's complained of acts are plainly judicial in nature and within the scope of his jurisdiction. *Ballard*, 413 F.3d at 515. As such, absolute judicial immunity applies to protect Judge Campbell from suit, and the claims against him should be **DISMISSED**.

### B.  The Clerk is Entitled to Absolute and Quasi-Judicial Immunity.

The Clerk asserts that she is entitled to qualified immunity. Doc. 6 at 6-8. Upon review, the Court concludes the Clerk is entitled to absolute and quasi-judicial immunity.

It is well-settled that "[c]ourt clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981), *adopted by* 2021 WL 6072802 (N.D. Tex. Dec. 23, 2021). Additionally, court "[c]lerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process." *Evans v. Suter*, 260 F. App'x 726, 727 (5th Cir. 2007) (citing *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987).

Here, Plaintiff seeks damages for alleged violations of his civil rights. Doc. 1 at 1-2; Doc. 1-1 at 3. While Plaintiff does not assert any factual allegations against the Clerk, Plaintiff's claims clearly concern only actions taken by the Clerk in her capacity as the City of Lancaster Municipal Court Clerk, as he merely attaches the pleadings from the docket of the municipal court case. Doc. 1-1 at 3. As such, the Clerk is entitled to immunity for acting under court order or at Judge Campbell's discretion or performing "tasks integral to the judicial process." *Clay*, 242 F.3d at 682; *Evans*, 260 F. App'x at 727. Becuase the Clerk is protected from suit by absolute and quasi-judicial immunity, Plaintiff's claims against her should be **DISMISSED**.

## IV. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam). However, leave to amend is unnecessary where a plaintiff "has already pleaded his best case." *Id.* (quotation omitted).  As discussed above, Plaintiff's claims against Judge Campbell and the Clerk are fatally infirm.  Thus, granting leave to amend would be futile and cause needless delay.

## V. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Dismiss under Rule 12(b)(6)*, Doc. 6, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**.[2]

**SO RECOMMENDED** on November 18, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Defendants seek dismissal with prejudice, Doc. 6, *passim*, when possible, it is "recommended that suits be dismissed without prejudice on Rule 12 motions."  *Williams v. Deutsche Bank Nat'l Tr. Co.*, No. 4:20-CV-00664-P-BP, 2020 WL 6276083, at *4 (N.D. Tex. Oct. 6, 2020) (Ray, Jr., J.) (citing *Great Plains Tr. Co.*, 313 F.3d at 329).

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).